In the Matter of the Claim of BLANCHE AGNE, Respondent, against MORSE DRY DOCK AND REPAIR COMPANY, Appellant. STATE INDUSTRIAL BOARD, Respondent.— The same questions are involved in this case as in *Matter of Haglund* v. *Morse Dry Dock & Repair Co. [ante,* p. 895], decided herewith. Award unanimously affirmed on the authority of that case, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

EMILY C. ALBERS, as Administratrix, etc., of GEORGE ALBERS, Deceased, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.— Appeal by defendant from an order and judgment of the Rensselaer County Court which affirmed a judgment of the City Court of Troy. The action was brought by the administrator to recover on an industrial insurance policy issued by defendant to the intestate on July 16, 1934. The contract of insurance provided, *inter alia,* " If  *  *  *  insured  *  *  *  has, within two years before the date hereof, been attended by a physician for any serious disease or complaint,  *  *  *  the liability of the company  *  *  *  shall be limited to the return of premiums paid on the policy." The defendant has made a tender of the premiums paid which the plaintiff has refused to accept. The proofs of death submitted state as a contributory and secondary cause " duodenal ulcer — chronic," and the physician who signed the proofs states that he had attended the insured " from February 11, 1932, off and on up to December 17, 1934, for duodenal ulcer." The uncontroverted proof upon the trial was that the insured was operated on for the removal of a duodenal ulcer and his death resulted from operative pneumonia. Judgment reversed on the law and facts, with costs in this court and the County Court, and the complaint dismissed, with costs. Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ., concur.